**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENO FUENTES RIOS, | Nos. 16-17213 |
| | 17-15892 |
| Plaintiff-Appellant, | |
| | D.C. No. 2:07-cv-00790-KJN |
| v. | |
| K. BRANDON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted April 18, 2019
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and LYNN,[**] District Judge.

Plaintiff Reno Fuentes Rios ("Rios") appeals following a jury verdict for the

Defendants in his § 1983 action, alleging error in concluding there was sufficient and

reliable evidence supporting his gang validation and removing this question from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

jury's consideration. He also contends the court failed to properly instruct the jury regarding the prison's notice requirements, allowed prejudicial testimony at trial, and allowed improper lay opinion testimony at trial. We affirm.

1. The district court did not err by reviewing the confidential evidence *in camera* and concluding there was "some evidence" to support Rios's gang validation. The "some evidence" standard, which is quite low, requires us to ask only "'whether there is *any* evidence in the record that could support the conclusion.'" *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)) (emphasis added). "[W]e do not examine the entire record, independently assess witness credibility, or reweigh the evidence." *Id*. Here, multiple seized materials and reliable confidential witnesses with first-hand knowledge provided evidence that Rios was affiliated with the "EME" or Mexican mafia gang for a number of years. It was also proper for the court to make this determination, as it was a question of law whether the information relied on by the prison was legally sufficient and reliable to support the validation. *See Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013); *see also Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987).

2. Nor did the district court abuse its discretion in its formulation of jury instructions on Rios's procedural due process claim. Rios contends the jury

2

instruction should have included a reference to the California prison regulation's twenty-four-hour notice requirement, but "not every violation of state law amounts to an infringement of constitutional rights," and "§ 1983 does not provide redress in federal court for violations of state law." *See Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012). The instruction as given was an accurate statement of the law.

3. Next, the district court did not abuse its discretion by allowing prejudicial or improper testimony at trial. Rios argues that the district court erred by allowing questioning about Rios's aliases and immigration status. A witness's use of false names or identities is a proper subject of cross-examination and can be probative of truthfulness. *See United States v. Ojeda*, 23 F.3d 1473, 1476-77 (9th Cir. 1994). Moreover, Rios was not asked about his immigration status; rather, Rios sua sponte raised the issue himself by replying "they have changed my name two or three times because of my legality, my immigration status." There was no error in the line of questioning or prejudice from Rios's own brief references to his immigration status.

4. Finally, Rios argues that the district court abused its discretion by allowing witness Fischer to give improper lay opinion testimony that Rios's gang validation was proper. Fischer, however, was also a percipient witness who was involved in the process of approving Rios's validation. The court provided a limiting instruction

reminding the jury that the issue of whether or not Rios was a gang member was not before it, and that Fischer was testifying so the jury could "understand what was occurring at the time and can consider that as part of when you weigh the testimony of the various parties *and what motivated the various parties*." Even if there were any error, it was cured by the court's limiting instruction about the proper scope and use of Fischer's testimony. *See Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000). In addition, as the propriety of Rios's gang validation was not before the jury, Rios cannot show that any error prejudiced the outcome.

**AFFIRMED.**